J-S75024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTIAN D. LEACH-OLIVAREZ | : | |
| | : | |
| Appellant | : | No. 605 WDA 2017 |

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0003669-2014

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 3, 2018**

Christian D. Leach-Olivarez appeals from the judgment of sentence imposed June 27, 2016, in the Westmoreland County Court of Common Pleas, made final by the denial of post-sentence motions on September 28, 2016, and the trial court's March 24, 2017, determination that he is a sexually violent predator ("SVP").[1]  On April 6, 2016, a jury convicted Leach-Olivarez of two counts of statutory sexual assault, two counts of involuntary deviate sexual intercourse, unlawful contact with a minor, two counts of aggravated indecent assault, corruption of minors, interference with custody of children, concealing whereabouts of a child, two counts of indecent assault, and obstructing

---

[1]  **See** Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41.

administration of law or other law enforcement.[2]  The trial court sentenced Leach-Olivarez to an aggregate term of 26½ to 53 years' incarceration. Contemporaneous with this appeal, Leach-Olivarez's counsel has filed a petition to withdraw from representation and an *Anders* brief.  *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).  The three issues addressed in the *Anders* brief are: (1) whether the court erred in admitting evidence of Leach-Olivarez's prior convictions; (2) whether the court erred in denying his request to introduce evidence of a subsequent sexual encounter involving the victim; and (3) whether the court erred in determining he is an SVP.  For the reasons below, we affirm in part and reverse in part.  Moreover, we deny counsel's petition to withdraw, and remand for further proceedings.

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal.  *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015).  Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny.  Specifically, counsel requested permission to withdraw based upon his determination that the appeal is

---

[2]    18 Pa.C.S. §§ 3122.1(b), 3123(a)(7), 6318(a)(1), 3125(a)(8), 6301(a)(1)(ii), 2904(a), 2909(a), 3126(a)(8), and 5101.

"wholly frivolous,"[3] filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Leach-Olivarez and advised Leach-Olivarez of his right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Leach-Olivarez supplementing the **Anders** brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015).

The trial court has authored a comprehensive Pa.R.A.P. 1925(a) opinion fully setting forth the factual and procedural history of this matter. **See** Trial Court Opinion, 6/12/2017, at 1-10. Therefore, we need not restate them herein. Because Leach-Olivarez has not filed a *pro se* brief or a counseled brief with new privately retained counsel, we will review this appeal on the basis of the issues raised in the **Anders** brief:

A. Did the trial court err when it granted the Commonwealth's request to use [Leach-Olivarez]'s prior convictions pursuant to Pa.R.Cr.P. 404?

B. Did the trial court err when it denied [Leach-Olivarez]'s request to introduce evidence of separate sexual encounter involving the minor female and a third party?

---

[3] **See** Petition to Withdraw as Counsel, 9/8/2017, at ¶ 7.

- 3 -

C. Did the trial court [err] in its determination that [Leach-Olivarez] should be classified as a Sexually Violent Predator?

*Anders* Brief at 4.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rita Donovan Hathaway, we conclude Leach-Olivarez's first two issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those two questions presented. *See* Trial Court Opinion, 6/12/2017, at 10-22 (concluding: (1) Leach-Olivarez's prior convictions were admissible under the common scheme or plan exception to the hearsay rule where the "factual similarities between the two aforementioned cases are striking and disturbing,"[4] Leach-Olivarez was still on parole for those prior convictions when he committed the present offenses, "the prior offenses clearly represent[ed] a 'signature of the same perpetrator,'"[5] and the highly probative nature of the evidence outweighed any prejudicial effect; and (2) evidence concerning a subsequent sexual encounter involving the victim and a third party at Leach-Olivarez's house was not admissible because it was not relevant to the case at hand since it had no bearing on Leach-Olivarez's guilt

---

[4] Trial Court Opinion, 6/12/2017, at 14. In both cases, Leach-Olivarez befriended the mother of the 13-year-old victim and then, after meeting the victim, he would text message the child and the nature of those messages subsequently turned sexual in content. Leach-Olivarez would then meet with the child, alone, and engage in sexual contact.

[5] *Id.* at 15.

- 4 -

as admission of such evidence did not make it more or less likely that he engaged in sexual intercourse with the victim, the victim's blood was found on furniture in Leach-Olivarez's living room where she specifically stated the sexual encounters between herself and Leach-Olivarez occurred, and the Commonwealth did not introduce forensic evidence from the couch where the alleged assault by the third-party occurred[6]). Accordingly, we affirm those two issues on the basis of the trial court opinion.

Next, we turn to Leach-Olivarez's challenge to his SVP designation. **See** Leach-Olivarez's Brief at 12-14. Prior to analyzing this issue, we *sua sponte* discuss the impact of the recent decisions in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[7] First, on July 17, 2017, the Pennsylvania Supreme Court held in **Muniz**, **supra**, that SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. Thereafter, on October 31, 2017, a panel of this Court, in **Butler**, **supra**, recognized that "**Muniz** was a sea change in the longstanding law of this Commonwealth as it

---

[6] The court also found the admission of the evidence at issue "would only serve to confuse the jury and divert its attention from the instant case." **Id.** at 17.

[7] "[T]he general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision." **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009).

determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." *Id.* at 1215. As such, the panel concluded the statutory mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S. § 9799.24(e)(3), which permits a trial court to make the determination based upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013),[8] and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[9] Accordingly, the *Butler* panel held: "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." *Butler*, *supra*, 173 A.3d at 1218. Therefore, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to determine his proper registration period pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15. *See id.*

---

[8] *See Alleyne*, *supra* (any fact that increases the mandatory minimum sentence of a crime is an element that must be submitted to a jury and proved beyond a reasonable doubt).

[9] *See Apprendi*, *supra* (any fact, other than a prior conviction, that increases the penalty of a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

The decision in **Butler** compels the same result here.[10] Accordingly, we are constrained to reverse the trial court's March 24, 2017, sentencing order finding that Leach-Olivarez is an SVP as such a determination is no longer valid. Therefore, we remand for the sole purpose of having the trial court issue the appropriate notice under 42 Pa.C.S § 9799.23 as to Leach-Olivarez's registration requirements. **Butler**, 173 A.3d at 1218. Furthermore, we need not address the issue Leach-Olivarez raised on appeal, which challenged the sufficiency of his SVP designation.

Consequently, we deny counsel's petition to withdraw because this appeal is not wholly frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 889 (Pa. Super. 2016) (denying counsel's petition to withdraw when

---

[10] While we acknowledge Leach-Olivarez did not raise the issue of **Butler**'s application to his case, we are guided by the following:

> Generally, issues not raised before the trial court are waived for appellate purposes. Pa.R.A.P. 302(a). Similarly, this Court generally may not reverse, modify, or vacate an order or judgment of sentence for a reason not raised by the parties. **See Johnson v. Lansdale Borough**, 146 A.3d 696, 709 (Pa. 2016) (citations omitted). Notwithstanding these general rules, "[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*." **Commonwealth v. Batts**, 163 A.3d 410, 434 (Pa. 2017) (citation omitted).

**Butler**, 173 A.3d at 1214. With respect to legality of sentencing questions, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012).

- 7 -

"independent review of the record reveals a potentially non-frivolous issue not raised by counsel").

March 24, 2017, SVP order reversed. Judgment of sentence affirmed in all other respects. Petition to withdraw as counsel denied. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018